UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

JOHN DOE,

                                    Plaintiff,

              v.

PRATT INSTITUTE,

                                    Defendant.

------------------------------------------------------------------------ X

Civil Action No.: 26-cv-03305

**MEMORANDUM OF LAW**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING
LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY OR, IN THE
ALTERNATIVE, FOR AN ORDER SEALING THE COMPLAINT**

Plaintiff, proceeding pseudonymously as John Doe, by and through his attorneys,

Bushell, Sovak, Kane & Sash LLP, respectfully submits this Memorandum of Law in support of

Plaintiff's Motion requesting to file his Complaint and proceed in litigation pseudonymously or,

in the alternative, for an Order sealing the Complaint.

**ARGUMENT**

**A. Legal Framework Governing Motions to Proceed Pseudonymously**

Fed. R. Civ. P. 10(a) requires that the title of a complaint name all parties. "A party

seeking to proceed under pseudonym bears a heavy burden, and will only be allowed to do so if

private interests outweigh the countervailing public interest in full disclosure." *Doe v. Colgate

Univ.*, 2016 U.S. Dist. LEXIS 48787, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12,

2016) (citation omitted). However, courts have approved a plaintiff litigating under a pseudonym

in certain circumstances. *See, e.g., Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189

(2d Cir. 2008). When determining whether a plaintiff (or a nonparty) should be permitted to

proceed pseudonymously, courts within this Circuit must balance the plaintiff's interest in

anonymity against both the public interest in disclosure and any prejudice to the defendant. *Id*.

The Court in *Sealed Plaintiff* gives a non-exhaustive list of ten factors for a court to consider when determining whether to allow a plaintiff to proceed pseudonymously, which include:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and, (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (quotations, citations, and edits omitted).

Nevertheless, the Second Circuit has emphasized that "this list is non-exhaustive," that "district courts should take into account other factors relevant to the particular case under consideration," and that the "factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests." *Id*.  The courts in the Second Circuit are "mindful that disclosure is a one-way street: once Plaintiff's identity is revealed, it will be impossible to conceal again. It is also a matter that can be revisited prior to trial." *Doe v. Gooding*, No. 20-cv-06569(PAC), 2022 U.S. Dist. LEXIS 68607, at *19 (S.D.N.Y. Apr. 13, 2022).

**B. Material Facts Relevant to Plaintiff's Motion**

An analysis of the factual allegations in the case at bar supports Plaintiff's request to proceed pseudonymously[1]. The Plaintiff in this case, a student enrolled and matriculated at Pratt Institute ("Pratt" or the "University"), was disciplined for sexual assault for consensually engaging with his then partner – a fellow student ("Jane Roe") – in *dormaphila*, the act of consensually commencing sex with someone while they are sleeping.  When Jane Roe complained of this conduct to officials at Pratt, the University, notwithstanding overwhelming evidence of Roe having consented on multiple occasions, treated Doe less well than Roe and took egregious, biased, intentional, and discriminatory actions against him throughout the Title IX sexual misconduct process and found him responsible for nonconsensual sexual intercourse and was sanctioned.

Throughout the investigative process, Pratt failed to abide by its own guidelines and regulations and acted in direct violation of federal and/or state law. A non-exhaustive list of the University's wrongful actions include the following: (i) the hearing panel created a new rule on the spot and applied its new Consent Policy against Doe; (ii) the appeal panel discarded the hearing's panel's new rule and created its own new categorical rule holding that "sleeping sex" cannot be consented to and retroactively applied it to Doe; (iii) Pratt evidenced a gender bias against Plaintiff as the male accused throughout the investigated and hearing process which was during the #MeToo movement; (iv) Pratt failed to afford Plaintiff the requisite presumption of innocence required by a preponderance of the evidence standard; (vi) the sanction was unwarranted and disproportionate in light of the circumstances, all of which demonstrated

---

[1] Plaintiff's request would extend to his accuser/former classmate, a nonparty to this Title IX action.

substantial procedural errors in violation of Title IX and other federal and/or state laws; (vii) Pratt did not discipline Plaintiff's partner for engaging the same prohibited conduct.

In light of the serious nature of the allegations in the Complaint, Plaintiff is justifiably concerned about the possibility of acts of reprisal that could further prevent Plaintiff from proceeding with his future endeavors, and inflict further harm. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the allegations in the Complaint and, after applying the *Sealed Plaintiff* factors and other considerations, the requested relief should be granted.

### C. At This Time, the *Sealed Plaintiff* Factors and the Competing Interests of the Parties (and Non-Parties) Support Plaintiff's Motion to Proceed Pseudonymously

With regard to the first *Sealed Plaintiff* factor, the matters at issue in this case include allegations of sexual assault involving young adults in college, which are of a highly sensitive and personal nature. Courts in this Circuit have allowed Title IX plaintiffs to proceed anonymously in cases involving students challenging their college's handling of sexual assault allegations in which they were adjudicated by their respective colleges to be the victimizers[2]. *See e.g., Doe v. Columbia Univ.*, 831 F.3d 46, 48-49 (2d Cir. 2016) (pseudonymizing student plaintiff and defendant in Title IX proceedings where plaintiff was a male college student who was suspended from Columbia University after having been found to have engaged in non-consensual sex with a female classmate)[3]; *Doe v. Vassar Coll.*, No. 19-cv-09601(NSR), 2019

---

[2] The same determinations have been reached for the victims who brought student Title IX claims against their colleges. *See, e.g.*, *Doe v. Yeshiva University*, 703 F. Supp. 3d 473, 483-84 (S.D.N.Y. 2023) (pseudonymizing female student plaintiff and non-party fellow student whom she alleged raped her in Title IX proceedings).

[3] "Plaintiff originally filed this lawsuit under seal on May 19, 2014. (Docket No. 1). After the Court ordered that the case be unsealed (Docket No. 3), Columbia consented to Plaintiff's request to proceed pseudonymously in light of the "sensitive subject matter and the age of the students

U.S. Dist. LEXIS 196933 (granting unopposed motion to proceed using pseudonyms for plaintiff and another student relating to allegations of non-consensual touching at off-campus party followed by Title IX investigation and hearing where plaintiff was found responsible for sexual misconduct and suspended one semester); *Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787, at \*3 (pseudonymizing plaintiff in Title IX proceeding, in part, given the "highly personal and sensitive nature of . . . case" involving alleged rape); *Doe v. Hobart & William Smith Colls.*, 2021 U.S. Dist. LEXIS 52371 (W.D.N.Y. Mar. 19, 2021)(motion to proceed under a pseudonym and for a protective order granted in Title IX suit to restore name/reputation and vacate false and erroneous hearing outcome involving undergraduate student at Hobart and William Smith Colleges who was found responsible for violating sexual misconduct policy for what he contends was consensual sex with a classmate); *Doe v. Rensselaer Polytechnic Inst.*, 2020 U.S. Dist. LEXIS 178168 (N.D.N.Y. Sept. 28, 2020)(finding balance of interests favor anonymity of the accused in Title IX action where college student is accused of sexual assault by another student).

In *Colgate Univ.*, the plaintiff there challenged the university defendants' conduct in investigating allegations that he sexually assaulted three students while he was a student at Colgate University as well as their decision to suspend him in the weeks prior to his graduation. The *Colgate Univ.* court, in its decision, cited to a litany of decisions across the country that allowed plaintiffs alleging similar claims against colleges and universities stemming from investigations of sexual assault to proceed anonymously. *Id.* at \*8 ("the Court finds that these cases indicate that the accused colleges and universities recognize the highly personal and sensitive nature of these cases as well as the limited value of forcing plaintiffs to reveal their

---

involved" (Docket No. 19)." *Doe v. Columbia Univ.*, 101 F.Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015).

identities when seeking to vindicate their federal rights"). The *Colgate Univ.* court further found the argument that disclosure of a student litigant's identity would result in significant harm to him and would undermine his purpose in bringing the action persuasive, reasoning that:

> Should Plaintiff prevail in proving that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges. Moreover, revealing Plaintiff's identity at this stage risks undermining the fairness and impartiality of the proceedings. The rise of sexual assaults on college campuses is a troubling epidemic, however, in addressing this epidemic, courts have a duty to ensure that "[e]ach case must be decided on its own merits, according to its own facts. If a college student is to be marked for life as a sexual predator, it is reasonable to require that he be provided a fair opportunity to defend himself and an impartial arbiter to make that decision." John Doe v. Brandeis Univ., No. 15-11557, 2016 U.S. Dist. LEXIS 43499, 2016 WL 1274533, at *6 (D. Mass. Mar. 31, 2016). The Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal [*10] his identity would have on future plaintiffs facing similar situations.

*Id*. at *9-10 ("Defendants will not be prejudiced by allowing [p]laintiff to proceed anonymously . . . . Defendants are aware of [p]laintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether [p]laintiff's identity is disclosed publicly.").

In *Hobart & William Smith Colls.*, the court considered all the factors outlined by the Second Circuit and after finding (i) factors (1), (2), (3) and (10)[4] in favor of plaintiff; (ii) factors (4) – an adult, (5) – suit between private parties, (8), and (9) in favor of disclosure; and (iii) the remainder neutral, "conclude[d] that permitting Plaintiff to proceed anonymously at this time is appropriate. 2021 U.S. Dist. LEXIS 52371, at *6-11. In *Vassar Coll.*, in permitting the plaintiff there to proceed under the pseudonym of "John Doe" and the alleged victim to be identified as "Jane Doe", the court wrote:

> "There is little question that the instant case involves matters that are highly sensitive or of a personal nature. The allegations in the complaint concern the actions of a private educational institution concerning its handling of an alleged sexual assault. Allegations of sexual assault are

---

[4] As to "whether there are alternative mechanisms for protecting Plaintiff's confidentiality, the Court finds that this factor weighs in Plaintiff's favor at this stage of the proceedings as **it appears to be the least restrictive appropriate remedy available to allow the litigation to proceed but to protect Plaintiff's identity and reputation at this time**." (emphasis added).

generally inherently sensitive and private in nature. **Public exposure of the incident for both the victim and the accused, at this stage, may be personally damaging**. Public disclosure of victim's identity could result in psychological trauma. Courts have recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes. *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678(RA), 2019 U.S. Dist. LEXIS 114919, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (internal citation omitted). Similarly, should Plaintiff, the accused, prevail on his claim(s), the risk of harm is substantial. Lastly, Defendant would not be prejudiced [*5] by permitting the Plaintiff to proceed by use of a pseudonym and such use would not only protect the confidentiality of the Plaintiff, but, more importantly, also protect the confidentiality of the victim. Upon due consideration of all the relevant factors, the Court determines they weigh in favor of permitting the use of pseudonyms."

2019 U.S. Dist. LEXIS 196933, at *4-5 (emphasis added).

This case against Pratt is very much analogous to the *Colgate Univ., Hobart & William Smith Colls.* and *Vassar College* Title IX actions discussed above (i.e., potential for being marked a sexual predator following challenged adjudication by private college), but has the added wrinkle of involving *dormaphilia* or "sleeping sex". It would not be a stretch of the imagination to proclaim that no individual, much less a young adult entering the adult world, would want his or her name forever tied to a moniker where one is known as a sexual predator with a proclivity for "sleeping sex", even if that person were to succeed in vacating the university's erroneous determinations.  Here, if Plaintiff were required to reveal his name, even if Plaintiff were to succeed on his claims against the University, the public's access to his identity and his sexual proclivities would result in further damage to his future educational and career endeavors[5],

---

[5] *See e.g., e.g., Doe v. KIPP N.Y., Inc.,* 238 A.D.3d 447, 448 (1st Dep't 2025) (permitting plaintiff to proceed under a pseudonym in an:

> "action concern[ing] information of a highly sensitive, intimate, and personal nature – namely, a video depicting plaintiff masturbating. Plaintiff's affidavit establishes the serious psychological harm that disclosure of her role in this video caused her and would continue to cause her, as well as the potential impact on her career in education. That plaintiff was able to obtain a new job in education after her termination by defendants is of no moment, as she may still need to apply for other jobs in future and it is not clear whether her current employer is aware of the circumstances of her termination.

resulting in foreseeable additional mental, emotional and psychological harm, the very risks which he seeks to remedy in this action.

To not permit Plaintiff to proceed under a pseudonym would be in direct contravention of what *Colgate Univ.* intended when it "f[o]und[] that particularly in the context of investigating allegations of sexual assault on college campuses, it is imperative that the rights of all parties involved be thoroughly protected in order to properly adjudicate these claims." 2016 U.S. Dist. LEXIS 48787, at *11. Disallowing young college students from vindicating their Title IX rights without fear of the unfortunate publicity that often accompanies filing cases of this nature – particularly one where the very act in question would gain notoriety for the student – would chill the anti-discrimination goals of the statute.

At this early stage, Plaintiff should be permitted to proceed under a pseudonym at this time. This Court and the parties (and nonparties) can always revisit this matter.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that this Court allow him (and his nonparty accuser) to proceed pseudonymously at this stage (that is, to proceed under pseudonyms in court filings and that their real names be protected from disclosure during pretrial proceedings and discovery) or, in the alternative, for an Order sealing the Complaint. Moreover,

---

Defendants do not identify any source of prejudice to them from allowing plaintiff to proceed by pseudonym, as they know who she is and therefore are not impeded in mounting a defense. The public interest in disclosure of plaintiff's identity is minimal. Even if the charter school defendants were deemed public entities for these purposes, that fact would not be dispositive, especially because plaintiff is not requesting that court records be sealed or public access denied. Furthermore, the termination decision at issue here is not claimed to be the result of any government policy.

Plaintiff's privacy interest outweighs the reputational interest of the individual defendants' anonymity.") (internal citations omitted).

8

Plaintiff asks the Court to grant the order on an *ex parte* basis, before the Defendant is served[6]

and appear in this case, without prejudice to Defendant's right to object to it once joined and

subject to later modification in the Court's discretion as the circumstances of the litigation

required.

Dated: New York, New York
　　　　June 2, 2026

BUSHELL, SOVAK, KANE & SASH LLP

*Alan E. Sash*
　　　Alan E. Sash
274 Madison Avenue, Suite 1401
New York, New York 10016
Tel: (212) 949–4700
asash@bushellsovak.com

SALAND LAW PC
274 Madison Avenue, Suite 1401
New York, New York 10016
Tel: (212) 31207129
jsaland@salandlaw.com

---

[6] As noted in the Complaint at n.1, the University has already agreed to accept service of the Summons and Complaint, but does not consent to Plaintiff proceeding as a "John Doe."